GORDAN, HARBISON & Co. *v.* C. J. ACTON, &c.

**Creditors' Suit—Priorities.**

> Where a petition is filed in a creditors' suit, thought after the six months limitation, and reference is made in same, to the other suits then pending for the same relief, their rights can not be defeated by the other creditors dismissing so much of their petition as sought relief under the insolvent creditors act.

APPEAL FROM UNION CIRCUIT COURT.

June 2, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellees, J. and S. B. Sachs, and others, proceeded under the Act of March 10, 1856 to subject the property of A. McIntyre to the claims of his general creditors, because of his having sold part of a stock of goods in violation of said act, to Carpenter, White & Baker.

With that suit, several others prosecuted by the appellants against McIntyre were consolidated, and the appellants, Fecheimer & Co. at least though suing after the expiration of six months from the sale of the goods, referred in their petition to the first named suit, and sought relief on the ground therein disclosed.

After manifesting their right to relief, the original plaintiffs agreed with C. J. Acton, an execution creditor, of McIntyre, to dismiss so much of their petition as sought relief under the act of 1856, and though appellants then amended their petitions and alleged the sale of the goods in violation of said act, the court rendered a judgment giving priority to the appellees and Acton under attachment and execution liens, excluding the appellants, who did not in their separate actions proceed under the Act of 1856, till after the expiration of six months from the act of insolvency complained of, and this appeal is from that judgment.

This case must be ruled by that of Sawyers, &c., vs. Langford, &c., 5 Bush, 539, according to which the appellees could not divest or defeat the rights which the appellants had acquired by the institution and prosecution of the suit for the common benefit of all McIntyre's creditors, under the Act of 1856.

The judgment was therefore erroneous.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*W. P. D. Bush,* for appellants.